Whaley, Chief Justice,
delivered the opinion of the court:
The plaintiff brings this suit to recover the amount of liquidated damages assessed and collected by the Comptroller General in the final settlement of its contract. There is no question that the plaintiff did not complete the contract on time. The sole question is whether the delay in completion justified the imposition of the liquidated damage clause in the contract.
The plaintiff entered into the contract with the defendant to furnish certain articles of clothing at a stipulated price for each garment and to complete the contract within a specified time. Upon its failure to complete within the time provided in the contract, a certain percentage on each garment was to be assessed for each day’s delay. Under the terms of the contract the Government had the right to place an inspector at the plant of plaintiff for the purpose of making a preliminary inspection. Plaintiff had taken over an idle plant and the employees which it had engaged were inexperienced in the work and it necessarily took some time to break them into their new duties. This occasioned a certain amount of delay.
When the first batch of articles was completed at the factory, the inspector placed there by the Government made a preliminary inspection and passed the garments. These *481 garments were shipped from Dallas, Texas, where the factory was located, to the 8th Corps Area General Depot, Fort Sam Houston, Texas, where they were subjected to final inspection and were rejected. Upon their rejection they were returned to the factory and the proper corrections were made as required under the terms of the contract.
The facts in the case plainly show that a certain period of delay was caused by the incompetency of the inspector who made the preliminary inspection and permitted the garments to be sent to their destination where they were finally inspected. The incompetency of this inspector was glaring and wholesale. The contracting officer, Major Heller, in his testimony in this case states:
Zweig’s difficulties were not that he was not capable of performing, or that he did not have the plant to perform with. His difficulties, in the first place, were that the plant that he was using had been idle for practically a year and was being started up for this particular contract; his employees were practically all new, and not familiar with the work; and Zweig was placed under an unfortunate handicap — I will say that, anyway — by myself putting in an incompetent inspector in his plant. That was his difficulty, but yet with all that, it was Zweig’s responsibility to meet the terms of the contract and to produce.
The facts plainly show that the delays were mutual. There is no way' of determining what proportion was caused by the plaintiff and what proportion was caused by the defendant. Plaintiff had every right to expect the Government to place a competent inspector at the plant. It was optional in the contract whether an inspector would be placed in the factory but, having been placed there, plaintiff had every reasonable expectation and justification to feel that he knew his business and would make a proper inspection before shipments were made.
The law is well settled that where delays have been caused by both parties to a contract, and the completion of the contract has been thereby extended beyond the time fixed, the obligation for liquidated damages is annulled. The court has no fixed date from which the contract can be enforced, unless the court chooses to enter the domain of *482 guesswork. Standard Steel v. Cls. 445, 475; Bethlehem Steel Co. v. United States, 75 C. Cls. 845.
It is contended by' the defendant that the contracting officer having passed on the facts in reference to the delays and imposed the liquidated damages, and no appeal having been taken, under the terms of the contract his decision is final and conclusive. This would have been true if the contracting officer had made a fair and impartial decision on the facts in the case. However, the contracting officer did not make an impartial decision on the facts to the plaintiff. He made a certification of his findings to the Comptroller General for the guidance of the Comptroller General, and the Comptroller General made a decision that the plaintiff was responsible for the delays and assessed and deducted the amount of liquidated damages in the final settlement of the contract.
We have repeatedly held that a decision on the facts, as provided for in the contract, must be made by the contracting officer and not by the Comptroller General, who is not a party to the contract, and to whose decision the plaintiff never agreed to submit. The certification made by the contracting officer was administrative purely and was not in compliance with the terms of the contract. Sun Shipbuilding Co. v. United States, 76 C. Cls. 154.
The contracting officer not having made his decision under the terms of the contract, no appeal could be taken. Plaintiff was not required under the terms of the contract to appeal from the decision of the Comptroller General.
The Comptroller General assessed and collected the sum of $3,368.75. Subsequently he paid plaintiff $390.03, leaving a balance of $2,973.72, which remains unpaid.
Plaintiff is entitled to recover $2,973.72. It is so ordered.
Littleton, Judge; and Green, Judge, concur.
Jones, Judge; and Whitaker, Judge, took no part in the decision of this case.